UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CARTIER, A Division Of
RICHEMONT NORTH AMERICA, INC.;
and CARTIER INTERNATIONAL, N.V.,

          Plaintiffs,

  - against -

DONNA KARAN INTERNATIONAL INC.,

          Defendant.
------------------------------------------------------------ X

COMPLAINT



Plaintiffs, by their counsel, Moses & Singer LLP, allege:

## ALLEGATIONS APPLICABLE TO ALL CLAIMS

### THE PARTIES

1. Plaintiff Cartier, a division of Richemont North America, Inc., is a Delaware corporation, having its executive offices and place of business at 653 Fifth Avenue, New York, New York 10022 ("Cartier NA").

2. Plaintiff Cartier International, N.V., is a corporation organized under the laws of the Netherlands Antilles, having an address at Scharlooweg 33, Curaçao, Netherland Antilles ("Cartier International"). Plaintiffs' interests herein are as a practical matter identical and they are referred to collectively and interchangeably as "Cartier."

3. Defendant, Donna Karan International Inc., is a Delaware corporation, having its principal office and place of business at 550 Seventh Avenue, New York, New York, 10018. Defendant is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action arising under the Trademark Act of 1946, as amended, relating to trademark infringement, use of a counterfeit mark, false designations of origin, and dilution pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5. This Court has supplemental jurisdiction over the claims in this Complaint arising under state statutory law and common law pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## FACTS

Cartier's TANK Brand

7. Plaintiff's origins date to over 150 years ago, when master jeweler Louis Francois Cartier established his jewelry concern in the heart of Paris, and established the CARTIER brand.

8. Cartier created the first women's wristwatch in 1888, and in 1904 the first wristwatch to utilize a leather strap.

9. Over the last century and a half, Cartier's leadership in the world of fine jewelry and watch design has caused the Cartier brand to be regarded as the preeminent global symbol of cosmopolitan fashion and prosperity.

10. Since 1917, Cartier NA has operated an internationally famous retail store at Fifth Avenue and 52nd Street in New York City. Cartier NA also operates retail shops in many of America's major cities and licenses distributors to sell world-acclaimed Cartier watches and jewelry throughout the United States in fine stores.

11. In July 2006, Cartier International, B.V., a Netherlands corporation, assigned all right, title and interest in various U.S. trademarks, including the word mark TANK, to Plaintiff Cartier International. Cartier International is the owner of trademarks for watches and jewelry sold by Cartier NA or under its auspices, pursuant to licenses from Cartier International to Cartier NA.

12. Cartier NA is the exclusive United States trademark licensee of Cartier International.

The Cartier Intellectual Property

13. Among the trademarks used by Cartier to identify its products is the word mark "TANK" (the "TANK Trademark"). Cartier is the owner of U.S. Trademark Registration No. 1,006,321 effective March 11, 1975 for the word mark "TANK" for watches; U.S. Trademark Registration No. 1,546,139 effective July 4, 1989 for the word mark "TANK" for eyeglasses, sunglasses, eyeglass frames and eyeglass cases; and U.S. Trademark Registration No. 3,006,779 effective October 18, 2005 for the word mark "TANK" for jewelry (collectively the "TANK Registration"). These registrations and the trademark registered are valid and subsisting and the first two registrations have become incontestable.

The Goodwill and Fame of the TANK Trademark

14. Cartier has extensively advertised and promoted the TANK Trademark.

15. As set forth above, Cartier has also been an important innovator in watch and jewelry fashion and design.

16. Cartier takes particularly great care and applies the highest level of professional skill in the design and manufacture of its watches and jewelry.

17. Cartier has invested millions of dollars over the years in marketing, promoting and advertising the fine quality of its jewelry and watches, including marketing, promoting and advertising the TANK Trademark.

18. As a result of all the foregoing, Cartier has established a worldwide reputation for the uniform high quality of Cartier watches and jewelry sold under or in connection with its trademarks, including the TANK Trademark. The TANK Trademark has acquired outstanding renown and invaluable goodwill in the United States and around the world.

Defendant's Infringment Of The TANK Trademark

19. Long after plaintiff Cartier's adoption and use of the TANK Trademark and long after Cartier's federal registrations of that mark, Defendant commenced the distribution and sale of watches in connection with the TANK mark in a manner that is likely to cause confusion or mistake or to deceive a substantial number of reasonably prudent consumers into believing that Defendant's products are Cartier products or are somehow associated with or sponsored by Cartier. Specifically, Defendant is advertising and offering for sale watches in connection with the word, "Tank."

20. This is not the first time that Defendant has infringed Cartier's TANK Trademark in connection with watches. In 2001, Defendant sold and distributed watches using the TANK Trademark. Cartier at that time objected to Defendant's use of the TANK Trademark. Defendant, in 2002, ceased selling and distributing watches using the TANK Trademark.

21. Defendant has not sought or received a license from Cartier NA or Cartier International for any purpose whatsoever.

22. By reason of the foregoing, it is apparent that Defendant's use of the Cartier TANK trademark in connection with watches is willful and intentional and done in willful disregard of Cartier's rights.

23. The actions and conduct of Defendant have damaged Cartier in an amount to be proven at trial and will, unless restrained, further impair, if not destroy, the value of Cartier's

registered mark and the goodwill associated therewith, for which Cartier has no adequate remedy at law.

## CLAIM I

### REGISTERED TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114

24. Defendant's actions constitute willful and deliberate infringement of Cartier's registered marks identified herein in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

## CLAIM II

### USE OF COUNTERFEIT MARK
### 15 U.S.C. § 1117

25. Defendant's actions constitute the intentional use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services knowing that such mark is a counterfeit mark, within the meaning of § 35 of the Lanham Act, 15 U.S.C. § 1117.

## CLAIM III

### FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a)

26. Defendant has affixed, applied, or used in connection with the sale of its goods or services, false descriptions and representations, which tend falsely to describe or represent that the goods and services offered by Defendants are sponsored by, authorized by or connected with Plaintiffs.

27. Defendant's actions constitute willful and intentional uses, appropriations and infringements of the TANK Trademark; completely and deliberately disregarding Plaintiffs' rights, and were commenced and have continued in spite of Defendant's knowledge the use of a simulation or colorable imitation of such trademark in the manner described herein was and is in direct contravention of Cartier's rights, all in violation of 15 USC. § 1125(a).

## CLAIM IV

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

28. The actions of Defendant described herein constitute common law trademark infringement and unfair competition.

## CLAIM V

### STATE LAW DILUTION OF TRADEMARK

29. The actions of Defendant described herein constitute dilution of the TANK Trademark in violation of the laws of the various states in which such goods have been distributed or sold, including, without limitation, N.Y. Gen.Bus.L. § 360-1 and California Bus. Prof. Code § 14330.

WHEREFORE, Plaintiffs pray:

1. That Defendant, its officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

   (a) From using in any manner the Tank Trademark alone or in combination with any other words or designs, in any manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by Cartier, or not authorized by Cartier to be sold in connection with their respective said marks;

   (b) From representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief that Defendant, or any of its goods, are authorized or sponsored by Cartier;

(c) From passing off, inducing or enabling others to sell or pass off any goods as produced by Plaintiffs which are not in fact genuine Cartier goods, or not produced under the control and supervision of Cartier and approved by Cartier; and

(d) From further infringing or diluting the TANK Trademark.

2. That Defendant be required to deliver up to Plaintiffs for destruction, any and all goods in their possession or under their control that were or are being advertised, promoted, offered for sale or sold in connection with the TANK Trademark.

3. That Defendant be required to deliver up to Plaintiffs for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying or promoting the goods which were or are being advertising, promoted, offered for sale or sold in connection with the TANK Trademark, whether alone or in combination with any words or designs.

4. That Defendant be ordered pursuant to 15 U.S.C. § 1116(a) to file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

5. That Defendant be required, pursuant to 15 U.S.C. § 1117 to account to Plaintiffs for any and all profits derived by it, and for all damages sustained by Plaintiffs by reason of Defendant's actions complained of herein, and that such amount be trebled.

6. That Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117 in the amount of $1,000,000.

7. That Plaintiffs be awarded punitive damages.

8. That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

9. That pursuant to 15 USC. § 1117 Plaintiffs have and recover from Defendant, Plaintiffs' reasonable attorneys fees, costs and disbursements of this action.

10. That Plaintiffs have such other further relief as the Court may deem just and proper.

Dated: August 5, 2008
New York, New York

MOSES & SINGER LLP

By: _____
David Rabinowitz (DR-5205)
Jordan Greenberger (JG-0316)
405 Lexington Avenue
New York, New York 10174-1299
Tel.: 212-554-7800
Fax: 212-554-7700

*Attorneys for Plaintiffs*